UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WINSTON K. McKESSON,<br>**Plaintiff** | * <br> * <br> * | CIVIL ACTION NO.<br><br>10-194-JVP-SCR |
| VERSUS | * <br> * | |
| DR. BRENDIA FORD,<br>**Defendant** | * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO ALLOW THE PARTIES TO FILE SEPARATE STATUS REPORTS

**NOW INTO COURT,** comes the plaintiff, Winston K. McKesson, through undersigned counsel, who hereby moves the Court for leave to allow the plaintiff, Mr. McKesson, and the *pro se* defendant, Dr. Brendia Ford, to each file a separate Status Report herein, for the following reasons:

1.

On March 25, 2010, the plaintiff, Mr. McKesson, initiated this action, by filing a Complaint against the defendant, Dr. Brendia Ford, seeking payment of a promissory note in the principal amount of $700,000.00. The promissory note was issued by Dr. Ford to secure the payment of attorney's fees to Mr. McKesson for Mr. McKesson's representation of Dr. Ford's son, De'Anthony Ford, in connection with the charges of second degree murder and attempted

1

second degree murder, as agreed in a written attorney-client contract by and between De'Anthony Ford as client, defendant Dr. Brendia Ford as guarantor, and plaintiff, Mr. McKesson, as attorney.

**2.**

On March 31, 2010, Magistrate Judge Stephen C. Riedlinger issued an Order (Document No. 3) setting a Scheduling Conference for June 24, 2010 at 11:00 a.m., and ordering the parties to file a Status Report no later than June 10, 2010. That Order further provided that counsel for the plaintiff was to provide the defendant with a copy of the March 31, 2010 Order, and to prepare, sign and file the requested Status Report.

**3.**

On April 13, 2010, the defendant, Dr. Brendia Ford, filed herein a *pro se* Answer to the plaintiff's Complaint.

**4.**

Thereafter, on April 30, 2010, undersigned counsel for the plaintiff sent a letter to Dr. Ford, enclosing a copy of the Court's March 31, 2010 Order, suggesting that undersigned counsel and Dr. Ford meet in person to discuss preparation of the Status Report.

**5.**

Having received no response from the *pro* se defendant, Dr. Ford, undersigned counsel wrote to Dr. Ford again on May 10, 2010, enclosing a partial draft of a proposed Status Report, and requesting Dr. Ford to contact undersigned counsel to discuss preparation of a joint Status Report.

**6.**

On May 11, 2010, Dr. Ford filed herein a "Motion of Right Not To Consent To Disposition Of Civil Case By A United States Magistrate Judge." (Document No. 5.) Attached to that motion as an exhibit or attachment is a May 6, 2010 letter from Dr. Ford to undersigned counsel for the plaintiff. A copy of Dr. Ford's May 6 letter is attached hereto as Exhibit "A." In that letter, Dr. Ford stated, in part: "I will respond to you before June 10, 2010 in writing only and I am requesting that all your communication with me concerning the aforementioned case be in writing, please!" Thereafter, undersigned counsel did receive the May 6 letter from Dr. Ford, by fax on May 11 and by certified mail on May 17, 2010.

**7.**

On May 12, 2010, undersigned counsel wrote to Dr. Ford, agreeing to comply with her request that communications concerning the case be made only in writing to Dr. Ford.

**8.**

On May 27, 2010, having heard nothing further from the defendant, Dr. Ford, undersigned counsel sent another letter to Dr. Ford, by fax and first class mail. In that letter, undersigned counsel asked if Dr. Ford would consent to undersigned counsel's proposed motion to continue the June 24th Scheduling Conference (due to a conflict), and further informed Dr. Ford that undersigned counsel intended to file a motion seeking leave to allow the parties hereto to file separate Statue Reports by June 10, 2010, rather than a joint Status Report.

3

**9.**

Later on May 27, 2010, after receiving undersigned counsel's fax, Dr. Ford telephoned undersigned counsel. Dr. Ford indicated in that telephone conversation that, among other things, she will not participate with undersigned counsel in the preparation of a joint Status Report.

**10.**

The plaintiff, Mr. McKesson, respectfully contends that the foregoing facts constitute "good cause" for leave of court authorizing each party to file a separate status report.

Based upon the foregoing, the plaintiff, Winston McKesson, respectfully requests and moves that the Court authorize each party herein to file a separate Status Report, and that each Status Report be filed on or before June 10, 2010, the original due date.

<div style="margin-left:50%">

Respectfully submitted,

/s/ Galen S. Brown
Galen S. Brown (La. Bar #03556)
Hamilton, Brown & Babst, LLC
Pan American Life Center
601 Poydras Street, Suite 2750
New Orleans, Louisiana 70130
Telephone: 504-566-1805
Fax: 504-566-1569
E-mail: gbrown@hamiltonfirm.net

***Attorneys for Plaintiff, Winston K. McKesson***

</div>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **May 27, 2010**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program, and otherwise consented to receive notice and service via CM/ECF.

**I HEREBY FURTHER CERTIFY** that I have mailed a copy of the foregoing document and the notice of electronic filing by first class United States Mail to all non-CM/ECF participants, if any.

/s/ Galen S. Brown
**Galen S. Brown**