UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WINSTON K. MCKESSON

VERSUS

DR. BRENDIA FORD

CIVIL ACTION

NO. 10-194-BAJ-SCR

## RULING

This matter is before the court on a motion by defendant, Brendia Ford, to transfer this action to the Eastern District of Louisiana (doc. 20). The motion is opposed (doc. 21). Subject matter jurisdiction is based on 28 U.S.C. §1332.

## BACKGROUND

Plaintiff alleges that, between May 23, 2007 and November 18, 2009, he represented defendant's son, De'Anthony Ford, in the defense of criminal charges brought against him in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Plaintiff further alleges that, on May 23, 2007, defendant signed a written retainer agreement as guarantor, promising, along with her son, to pay a total of $700,000.00 for the legal representation. According to the complaint, defendant also executed a secured promissory note in the amount of $700,000.00 payable to plaintiff with interest at 5% per year. Plaintiff alleges that he fulfilled his obligations under the agreement, but defendant has refused to pay any part of his demand for the principal sum of $700,000.00 plus interest. (Complaint, ¶¶ 1-11).

Defendant, proceeding pro se, acknowledges signing a document in which she agreed that "she would guarantee to file any documents needed to obtain funds for De'Anthony's Trust if services were rendered per the agreement." However, she alleges that defendant provided an incomplete retainer agreement with blank pages, and she denies plaintiff's allegation that she agreed to pay the amount demanded. Defendant also denies that plaintiff provided the agreed-upon services. She alleges that plaintiff failed to perform any investigation and argues that "the pretrial motion was completed by another lawyer hired by De'Anthony Ford." Defendant also alleges that plaintiff failed to adequately defend her son during the five-day trial in the Nineteenth Judicial District Court. (Answer, ¶¶ 1-10).

On March 31, 2010, the Magistrate Judge ordered the parties to submit a joint status report (doc. 3). On May 27, 2010, however, plaintiff moved for leave to file separate reports, alleging that defendant had indicated in a telephone conversation that "she will not participate with [plaintiff's] counsel in the preparation of a joint status report" (doc. 6). Plaintiff's counsel also filed an ex parte motion seeking continuance of a scheduling conference, asserting that he had a scheduling conflict (doc. 7). On the following day, the Magistrate Judge granted the motion for leave to file separate status reports (doc. 8) and ordered defendant to file an opposition or other response to the motion to continue the conference (doc. 9). Defendant, however, responded

by appealing both the ruling and the order of May 28, 2010, arguing that she did not consent to any proceedings under a magistrate judge (doc. 12).[1]

Defendant also filed a motion, captioned "Defendant's Ex Parte Motion for Leave to Allow Dismissal of the to File Separate Status Reports and to Be Removed from under the Honorable Judge Reidlinger's Jurisdiction [sic]" (doc. 10). Defendant prayed that "based on the law of the constitution that she be removed from the jurisdiction of the Magistrate Judge Stephen C. Riedlinger [sic]." (*Id.*). Accordingly, on June 17, 2010, the Magistrate Judge construed the motion as a motion to disqualify him pursuant to 28 U.S.C. §455(a) or (b) (doc. 15, p. 1). The Magistrate Judge denied the motion, noting that defendant had not "identified any factual basis upon which a reasonable person could conclude that the [Magistrate Judge's] impartiality might reasonably be questioned, or that he has a personal bias or prejudice concerning either party, or has personal knowledge of disputed evidentiary facts concerning the case." (*Id.*).

Defendant appealed that ruling, arguing that evidence of the Magistrate Judge's impartiality, personal bias, prejudice or personal knowledge of disputed facts is

---

[1]Defendant had previously filed a "Motion of right not to consent to disposition of civil case by a United States Magistrate Judge" (doc. 7). The Magistrate Judge ruled that:

> The motion is hereby **GRANTED** insofar as defendant seeks to enforce her right not to consent to proceedings before the Magistrate Judge that *require the parties' consent*, but **DENIED** insofar as she seeks to enforce a right not to consent to proceedings before the Magistrate Judge that **do not** *require the parties' consent*.

(Doc. 11 (emphasis in original)).

3

reasonably evident in: (1) the Magistrate Judge's ordering plaintiff "to make sure Defendant received his order"; (2) the Magistrate Judge's dismissal of a prior case "for a failure to timely serve the Defendant"; and (3) "Defendant mailed a certified return receipt . . . and paid for the Sheriff to deliver it" (doc. 16, p. 3). Defendant also asserts that the Magistrate Judge exhibited the "same prejudicial conduct" toward defendant in nine other civil cases. (*Id.*). Defendant also referenced the above-quoted language from the ruling of June 17, 2010, and argued that, based on the language of the ruling "it can only be concluded that the Defendant is without the skills to take part in the conversation or argument, and lacks the ability to use inferences or conclusions through the use of reason." (*Id.*).

The Court after carefully considering defendant's appeals and the rulings at issue, found that the rulings were "neither clearly erroneous nor contrary to law," and pursuant to 28 U.S.C. § 636(b)(1)(A), affirmed the rulings (doc. 18). In her motion for change of venue, defendant prays that this action be transferred to the Eastern District of Louisiana "because of your ruling on the Court of Appeals rulings of the Magistrate Judge dated May 28, 2010 and June 17, 2010".

## LAW AND DISCUSSION

28 U.S.C. §1404 provides, in pertinent part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

4

Nothing in the statute, however, provides that a transfer of venue may be grounded upon a party's dissatisfaction with the rulings of the district court. The Court also notes that nothing in the record suggests that transfer to the Eastern District would "serve the convenience of parties and witnesses, in the interest of justice," as is required by the statute. Moreover, defendant has failed to set forth any evidence or argument to establish that the action might have been brought in the Eastern District of Louisiana, as is required for transfer pursuant to the statute.

## CONCLUSION

For all of the above reasons, the motion by defendant, Brendia Ford, to transfer this action to the Eastern District of Louisiana (doc. 19), is hereby **DENIED**.

Baton Rouge, Louisiana, December 15, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA